By the Court.
In an action for damages for breach of a covenant for quiet possession, the questions of whether there has been such a breach and the amount of damages suffered thereby, are questions for the jury, under proper instructions from the court.
In such action it is not error for the court to *200 charge the jury that the landlord “had a right to remodel, alter and change the building as he saw fit so long as he did not disturb the plaintiff in the quiet and peaceable possession and use of the premises and privileges leased to him, but he had no right to obstruct, interfere with, or take away from the plaintiff in a substantial degree the beneficial. use of the stairway or entrance to the building, or to authorize or to empower any person or corporation to make changes in the stairway and vestibule that necessarily would result in obstruction and interference with and substantial injury to the plaintiff’s business.” And to further charge the jury that if it found “that at the time of the execution of the lease referred to, the entrance and vestibule as then constructed was of value to the plaintiff’s business for purposes of entrance and exit for himself and persons doing business with him. And if you further find that the defendant, or some one authorized by him, radically and permanently altered such entrance and vestibule during the term of such lease, and by" such alterations damaged the plaintiff’s business, as conducted under the lease, then the plaintiff is entitled to recover the amount of damages caused by such alterations to his business during the period of time from the commencement of such alterations to the termination of the lease.”
Nor is it error to charge that “if you find by a preponderance of the evidence as already defined to you that the defendant, or those authorized by him, did in fact interfere with, obstruct the plaintiff in his business and practically take away from him a part of the privileges leased to him, then I charge *201 you that the defendant cannot recover any rent from the time that this condition lasted.” And in such action, where it appears by the undisputed evidence in the case that the defendant asked the plaintiff to move out of the premises before the termination of his lease, and that the plaintiff complied with this request, it is not error for the court to charge the jury that “the defendant is not entitled to rent for that portion of the term remaining after the plaintiff left the premises, for the reason that the plaintiff moved out with his consent.”
The special charges requested in this case were properly refused.

Judgment affirmed.

Donahue, Wanamaker, Newman, Jones and Matthias, JJ., concur.